**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY WEISS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>    Defendant. | Civil Action No.: 17-1406 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant State of New Jersey's Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 10). Plaintiff has Opposed the Motion. (ECF No. 11) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Motion to Dismiss.

        **I.  BACKGROUND**[1]

*Pro se* Plaintiff Stanley Weiss is a New Jersey resident and lives in the Township of South Orange. (*See* ECF No. 1 ("Compl.") ¶ 1). The sole defendant in the action is the State of New Jersey. (*See generally* Compl.). Plaintiff appears to bring this action seeking to enforce some unidentified "constitutional rights pursuant to the majority opinion in United States v. Jones, 565

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

U.S. 945 (2012)." (Compl. at 1) (underlining in original).

While the Complaint is difficult to decipher, the Court gleans the following facts. At some point in August of 2013, a Municipal Court Action was instituted against Plaintiff "for failure to take down a tree which was alleged to be dead and found to be so after trial." (Compl. ¶ 1). Thereafter, Plaintiff appeared in South Orange Municipal Court where he was "convicted" and "assessed a penalty of $830.oo [*sic*] which was paid." (Id.). "Plaintiff's principal defense was The Rule was unconstitutional under the Jones case and that the Municipal Court lacked the power to even consider the issue." (Id.) (underlining in original).

Plaintiff appealed the Municipal Court's ruling to the Superior Court of New Jersey.[2] (Compl. ¶ 2). The Superior Court reviewed the matter *de novo*, and affirmed the Municipal Court. (Id.). According to Plaintiff, the Superior Court

> relied upon a string of cases, all of which were decided prior to Jones and largely reflected the views of the minority opinion in Jones. It also distinguished Jones by erroneously finding that it was based upon a fact, not present in this case, that a global position system had been used to track the movement of the suspects automobile – which has nothing to do with trespass. In fact, the Jones decision was based on a finding that the device involved was installed on a car in the legal possession of the party involves and that the installation was a physical intrusion considered a trespass upon that party's property.

(Compl. ¶ 2) (underlining in original).

Thereafter, Plaintiff filed a notice of appeal with the New Jersey Superior Court, Appellate Division. (Compl. ¶ 3). The Appellate Division rendered its decision on June 1, 2016 and "strongly endorsed the lower Court opinion but [*sic*] held that Plaintiff lacked standing to sue,

---

[2] While Plaintiff does not specify which vicinage his appeal was taken to, the Court presumes that the action was appealed to the Superior Court of New Jersey, Essex County, Law Division, Criminal Part, based on the allegations contained in Compl. and the fact that the Township of South Orange is located within Essex County.

apparently unaware of the fact that the lower Court specifically found that plaintiff had standing to sue, citing two New Jersey Supreme Court cases for that view." (Id.). Plaintiff filed a petition of certification with New Jersey's Supreme Court which "contended that his constitutional rights protected by Jones had been violated." (Compl. ¶ 4). The petition was denied. (Id.). Plaintiff brings this action because he "still does not understand how he can be convicted of a crime before any court has ruled on the merits of his basic defense." (Id.).

Plaintiff instituted the within action on February 27, 2017. (*See generally* Compl.). On June 23, 2017, Plaintiff was directed to move the action by requesting default. (ECF No. 5). Thereafter, on June 30, 2017, Defendant sought an extension of time to answer or otherwise plead, which this Court granted. (ECF Nos. 6, 7). Plaintiff then filed a Motion for Summary Judgment, which was administratively terminated as premature and procedurally improper. (ECF Nos. 8, 9). Defendant now moves to dismiss Plaintiff's Complaint. (ECF No. 11).

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)

Under Rule 12 (b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). However, depending on the nature of the attack under Fed. R. Civ. P. 12 (b)(1), which may either assert a factual or facial challenge to the court's jurisdiction, a presumption of truthfulness may attach to the plaintiff's allegations. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F. 3d 181, 188 (3d Cir. 2006); *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Turicentro, S.A.*

*v. Am. Airlines, Inc.*, 303 F. 3d 293, 300 n.4 (3d Cir. 2002). When a defendant facially attacks the Court's jurisdiction under Rule 12 (b)(1), this type of challenge effectively contests the adequacy of the language used in the pleading; the trial court must therefore construe the pleadings in a light most favorable to the plaintiff and presume all well-pleaded factual allegations in the complaint as true. *Turicentro*, 303 F.3d at 300 n.4; *Gould*, 220 F.3d at 176. Alternatively, when bringing a factual attack, the defendant contends that the facts on which the plaintiff's allegations rely are not true as a matter of fact. *Id.* Therefore, the plaintiff's allegations do not benefit from a presumption of truthfulness; the court, instead, must weigh the evidence in its discretion by taking into account affidavits, documents, and even limited evidentiary hearings. *Id.*

### B. Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and finally, where there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

As mentioned, Plaintiff's Complaint is difficult to decipher. At the very least, Plaintiff's Complaint fails to meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. Insomuch that Plaintiff's Complaint seeks relief from the Municipal Court fine, said claim cannot proceed.

Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Put another way, a suit is barred under the *Rooker–Feldman* doctrine where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has explicitly held that federal courts are barred by the *Rooker-Feldman* doctrine from providing relief that would overturn a state court decision. *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and are "closely related." *Id.* at 166, 168.

The first and third prongs are clearly met in the instant action: Plaintiff lost in the Municipal Court Action and that judgment was rendered in or about September 2013—prior to Plaintiff's filing of the instant action in this Court on February 27, 2017. Additionally, the second prong is met because Plaintiff complains of "injuries" caused by the Municipal Court's judgment. (Compl. ¶¶ 1-2). Finally, the fourth prong is met as any decision by this Court would result in a rejection of the Municipal Court's judgment, as well as both the Superior Court and Appellate Division's affirmances. Hence, this Court is without subject matter jurisdiction over this action.

Even if this Court had subject matter jurisdiction, which it does not, the action could not proceed. This is because Plaintiff's Complaint simply fails to meet the pleading standards set forth under Rule 8 of the Federal Rules of Civil Procedure, as well as under *Iqbal and Twombly*. Indeed, Plaintiff's Complaint does not apprise the Court, let alone Defendant, of what cause of action is being asserted, the basis of Federal Court jurisdiction, nor any additional facts necessary to meet said pleading standard. Moreover, the Complaint is devoid of any explanation as to why the State of New Jersey should be liable for the Municipal Court of South Orange's alleged wrongdoings.

Finally, if this action were to be pled sufficiently, the State of New Jersey cannot be liable for violations of 42 U.S.C. § 1983. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to state a claim for relief under § 1983, a plaintiff must allege two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

It has long been established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *see Marsden v. Federal BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *see also Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Accordingly, Defendant State of New Jersey cannot be liable for the claims herein. *See e.g. Salerno v. Corzine*, 2006 U.S. Dist. LEXIS 92353, 2006 WL 3780587, at *3 (D.N.J. Dec. 20, 2006).

## IV. <u>CONCLUSION</u>

For the reasons above, the Court grants the Motion to Dismiss and dismisses Plaintiff's Complaint. Given Plaintiff's *pro-se* status, the Complaint is dismissed without prejudice. Plaintiff shall have until Thursday, September 28, 2017 to file a First Amended Complaint to address the

deficiencies identified herein. The First Amended Complaint is to include a separate section for each cause of action being asserted. Each section shall contain separate numbered paragraphs with substantive facts relating to the cause of action being asserted. Finally, Plaintiff's First Amended Complaint shall address the subject matter issues discussed above. Failure to comply with these instructions shall result in a dismissal *with* prejudice. An appropriate Order accompanies this Opinion.

DATED: August 18, 2017

JOSE L. LINARES
Chief Judge, United States District Court