**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY WEISS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>    Defendant. | Civil Action No.: 17-1406 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff's Motion for Reconsideration of this Court's August 21, 2017 Order and Opinion Dismissing Plaintiff's Complaint without prejudice. (ECF No. 14). Defendant has Opposed Plaintiff's Motion (ECF No. 16), to which Plaintiff has replied. (ECF No. 17). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiff's Motion for Reconsideration.

## I.   BACKGROUND[1]

The Court presumes the parties are familiar with the factual background and the allegations asserted in Plaintiff's Complaint based on the parties' own involvement in this case as well as this Court's Opinion dated August 21, 2017. (ECF No. 12). Accordingly the Court will set forth a brief procedural background. On February 27, 2017 *pro se* Plaintiff Stanley Weiss instituted this

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

action against Defendant State of New Jersey seeking to enforce some unidentified "constitutional rights pursuant to the majority opinion in United States v. Jones, 565 U.S. 945 (2012)." (ECF No. 1 ("Compl.") at 1) (underlining in original). The Court noted that the Complaint was difficult to decipher, but gleaned the following facts. (ECF No. 12 at 2). At some point in August of 2013, a Municipal Court Action was instituted against Plaintiff "for failure to take down a tree which was alleged to be dead and found to be so after trial." (Compl. ¶ 1). Thereafter, Plaintiff appeared in South Orange Municipal Court where he was "convicted" and "assessed a penalty of $830.oo [*sic*] which was paid." (Id.). "Plaintiff's principal defense was The Rule was unconstitutional under the Jones case and that the Municipal Court lacked the power to even consider the issue." (Id.) (underlining in original).

Plaintiff then engaged in various appeals of the Municipal Court's ruling to the Superior Court of New Jersey.[2] (Compl. ¶¶ 2-4). The Superior Court reviewed the matter *de novo*, and affirmed the Municipal Court. (Compl. ¶ 2). On June 1, 2016, the Appellate Division affirmed the Superior Court's holding. (Compl. ¶ 3) New Jersey's Supreme Court denied Plaintiff's petition for certification. (Compl. ¶ 4).

Accordingly, Plaintiff brought this action because he "still does not understand how he can be convicted of a crime before any court has ruled on the merits of his basic defense." (Id.). On June 23, 2017, Plaintiff was directed to move the action by requesting default. (ECF No. 5). Thereafter, on June 30, 2017, Defendant sought an extension of time to answer or otherwise plead, which this Court granted. (ECF Nos. 6, 7). Plaintiff then filed a Motion for Summary Judgment,

---

[2] While Plaintiff does not specify which vicinage his appeal was taken to, the Court presumes that the action was appealed to the Superior Court of New Jersey, Essex County, Law Division, Criminal Part, based on the allegations contained in Compl. and the fact that the Township of South Orange is located within Essex County.

which was administratively terminated as premature and procedurally improper. (ECF Nos. 8, 9). Defendant moved to dismiss Plaintiff's Complaint in lieu of filing an Answer. (ECF No. 11). The matter was fully briefed, and, on August 21, 2017, this Court dismissed Plaintiff's Complaint. (ECF Nos. 12, 13).

In dismissing the Complaint, this Court found that, based on the current state of the Complaint, the action was barred by the *Rooker-Feldman* doctrine. (ECF No. 12 at 5-6). Hence, the Court held that it was without subject matter jurisdiction. (Id.). The Court further held that, even if this Court had subject matter jurisdiction, the action could not proceed because Plaintiff's Complaint failed to meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, as well as under the cases of *Twombly* and *Iqbal*. (Id. at 6). Finally, the Court noted that this matter could not proceed against the State of New Jersey for claims under 42 U.S.C. § 1983 because the State is not a "person" under § 1983. (Id. at 7). Accordingly, the Court dismissed the Complaint and granted Plaintiff leave to file a First Amended Complaint. (Id.). The Court provided Plaintiff with clear instructions on how to formulate the First Amended Complaint and specifically noted that Plaintiff was to address the subject matter jurisdiction issues identified therein. (Id. at 7-8).

Instead of filing a First Amended Complaint, Plaintiff filed the instant Motion for Reconsideration. (ECF No. 14). As Defendant correctly notes, Plaintiff's Motion for Reconsideration only addresses the dismissal under the *Rooker-Feldman* doctrine and does not address the other reasons for dismissal. (Id.).

## II. LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted '*very sparingly.*'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)) (emphasis added); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld*, 161 F. Supp. 2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it.

*See* L. Civ. R. 7.1(i).

## III. ANALYSIS

As this Court explained in its first Opinion, under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Put another way, a suit is barred under the *Rooker–Feldman* doctrine where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has explicitly held that federal courts are barred by the *Rooker-Feldman* doctrine from providing relief that would overturn a state court decision. *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and are "closely related." *Id.* at 166, 168.

Plaintiff's Motion for Reconsideration fails to explain how his Complaint is not barred under the *Rooker-Feldman* doctrine. Indeed, Plaintiff's Motion for Reconsideration suffers from

the same undecipherable infirmities. Plaintiff begins by noting that he has no interest in recovering the fine levied by the Municipal Court and that he "attended Harvard Law School on a Felix Frankfurter scholarship." (ECF No. 14 at 1). Plaintiff goes on to say that "this suit does not seek to reverse any particular lower Court decision." (Id. at 2). However, Plaintiff's Motion fails to explain how this Court has any authority to act, or what legal or equitable remedy is available to Plaintiff.

As noted in the Court's August 21, 2017 Opinion, Plaintiff's Complaint is a prime example of a Complaint that cannot proceed under the *Rooker-Feldman* doctrine. Nowhere within Plaintiff's Motion for Reconsideration does Plaintiff address this fatal flaw. Plaintiff cites no intervening change in law or facts that this Court overlooked. Instead, Plaintiff "contends that the OPINION is unduly harsh because it requires an abandonment of principle in favor or adopting the regular, routine type of case brought in the Federal Court to recover something-most often money damages." (ECF No. 14 at 2) (capitals in original). Plaintiff's one-page, hand-written reply also offers no guidance as it simply states that Plaintiff "contend[s] that [the Court's] Opinion contains two mistakes." (ECF No. 17). The first "mistake" is that the Court purportedly "ignored the extraordinary fact that the only damage [Plaintiff] seek[s] to recover in this suit is <u>future</u> payment of the costs of removing the tree." (Id.) (emphasis in original). "The second [mistake] is that New Jersey may never apply the <u>Jones</u> decision unless a Federal Court requires it to do so." (Id.) (emphasis in original). Accordingly, Plaintiff has failed to meet his burden to succeed on a motion for reconsideration as his Motion does not address the infirmities highlighted in the Court's August 21, 2017 Opinion nor does it attempt to explain why reconsideration is appropriate under the aforementioned legal standard.

Moreover, as discussed, Plaintiff's Complaint is difficult to decipher. At the very least, Plaintiff's Complaint fails to meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's Complaint, along with his Motion for Reconsideration, do not apprise this Court, let alone Defendant, what remedy he seeks or how this Court could possibly fashion a legal remedy consistent with his demand. Such a complaint simply cannot survive a motion to dismiss and was appropriately dismissed.

## IV. CONCLUSION

For the reasons above, the Court denies Plaintiff's Motion for Reconsideration. Given Plaintiff's *pro-se* status, the Complaint remains dismissed without prejudice. Plaintiff shall have until Friday, November 3, 2017 to file a First Amended Complaint that addresses the deficiencies identified in the Court's August 21, 2017. Once again, the First Amended Complaint is to include a separate section for each cause of action being asserted. Each section shall contain separate numbered paragraphs with substantive facts relating to the cause of action being asserted. Finally, Plaintiff's First Amended Complaint shall address the subject matter jurisdiction issues discussed above. Failure to comply with these instructions shall result in a dismissal *with* prejudice. An appropriate Order accompanies this Opinion.

DATED: October 12, 2017

JOSE L. LINARES
Chief Judge, United States District Court